■    JEANNIE FELDMAN, Respondent, v ELI S. FELDMAN, Appellant.—In a matrimonial action, defendant appeals from an order of the Supreme Court, Nassau County, dated April 6, 1978, which denied his motion to direct plaintiff to furnish him all information, records and documents concerning her income and expenses in connection with her tax return for the calendar year 1976. Order reversed, without costs or disbursements, and motion granted to the extent of directing plaintiff to furnish defendant all relevant information used as the basis for arriving at the adjusted gross income figure on her tax return for the calendar year 1976. The parties' separation agreement, dated March 24, 1975, provides, *inter alia,* that up to the third anniversary thereof, the payments by defendant to plaintiff (which were approximately $12,500 per year, i.e., $240.38 per week) were to be reduced by $1 for every $2 of adjusted gross income earned by the wife in excess of $5,200, but less than $25,000, with a maximum reduction in the amount of $7,300 per annum. In case the adjusted gross income was more than $25,000, the wife's allowance was to be $5,200. The term "adjusted gross income" was stated to mean "that term [as] defined in § 62 of the Internal Revenue Code". Plaintiff's attorney sent defendant's attorney a copy of plaintiff's 1976 Federal income tax return, on which plaintiff had claimed an adjusted gross income of $4,172.15. Plaintiff arrived at that sum, which

precluded any reduction in her allowance, by reporting total employee compensation of $13,414.52, plus $87.94 interest, and deducting therefrom two items, "Automobile expenses" of $4,900 and "Entertainment, telephone & Misc." expenses of $4,430.31. Defendant, through his attorney, requested an itemization of those deductions. Plaintiff refused, arguing that the separation agreement only entitled defendant to plaintiff's tax return, "with no explanation as to how it was prepared or the method by which the various computations were made." The instant application by defendant for discovery of the afore-mentioned information then followed. Special Term denied the motion, holding that the accuracy of the deductions was within the exclusive realm of the Internal Revenue Service and that the reported adjusted gross income could only be modified by an audit. We disagree. The separation agreement clearly states in paragraph 4(i) that "The Husband shall have the right, through an accountant or attorney, to examine such records as are required by good accounting procedure to verify the sums payable under the provisions of paragraphs 4(h) and 4(i) hereof". The parties specifically agreed that defendant would have the right to examine plaintiff's records to verify the sum payable to her. To deny defendant that right would render nugatory specific language of the agreement and place him at the mercy of any figures plaintiff chose to employ. Hopkins, J. P., Latham, Gulotta and O'Connor, JJ., concur.